# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

FRANCES M. WEEKS-ANDEREGG,  )
           Plaintiff,  )   Case No. 2:15-cv-01208-GMN-CWH
               )
vs.                    )   **ORDER**
               )
KATHRYNNE ALEXINE MCPHERSON, *et al.*,  )
           Defendants.  )

      This matter is before the Court on Plaintiff Frances M. Weeks-Anderegg's ("plaintiff") Amended Ex Parte Motion to Enlarge Time to Serve Summons and Complaint, filed October 16, 2015.

      In her motion, plaintiff asks for an additional 60 days to effectuate service upon defendants, especially Defendant Civil Air Patrol Foundation, d/b/a Civil Air Patrol, Inc. ("Air Patrol"), because plaintiff is still awaiting the return receipt requested from the U.S. Post Office to confirm that delivery of the summons and complaint was made upon Air Patrol.

      In determining plaintiffs' request, this Court turns to Rule 4(m) of the FRCP. Under Rule 4(m), service must be accomplished within 120 days from the date a court order is entered. According to Rule 4(m), "[i]f a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Id.

//

1    Courts have broad discretion to extend time for service under Rule 4(m).  Efaw v. Williams, 473
2 F.3d 1038, 1041 (9th Cir. 2003).  The 120-day time period for service contained in Rule 4(m) "operates not
3 as an outer limit subject to reduction, but as an irreducible allowance."  Henderson v. United States, 517
4 U.S. 654, 661 (1996).  "On its face, Rule 4(m) does not tie the hands of the district court after the 120-day
5 period has expired.  Rather, Rule 4(m) explicitly permits a district court to grant an extension of time to
6 serve the complaint after that 120-day period."  Mann v. American Airlines, 324 F.3d 1088, 1090 (9th Cir.
7 2003).  Moreover, the Advisory Committee Notes to Rule 4(m) state that the rule "explicitly provides that
8 the court shall allow additional time if there is good cause for the plaintiff's failure to effect service in the
9 prescribed 120 days, and authorizes the court to relieve a plaintiff of the consequences of an application of
10 [Rule 4(m)] even if there is no good cause shown."  See Fed. R. Civ. P. 4(m), Advisory Committee Notes,
11 1993 Amendments.  Generally, "good cause" is equated with diligence.  See Wright & Miller, Federal
12 Practice and Procedure: Civil 3d § 1337.
13    The initial 120-day time period to effectuate service passed today, October 23, 2015.  A review of
14 the record reveals that plaintiff has been diligent in her ongoing efforts to serve the various defendants in
15 this case. Consequently, plaintiffs' request for an extension of time to accomplish service will be extended
16 by an additional 60 days.

## CONCLUSION AND ORDER

18    Accordingly, **IT IS HEREBY ORDERED** that plaintiffs' Amended Ex Parte Motion to Enlarge
19 Time to Serve Summons and Complaint is **granted**.  Plaintiff has an additional 60 days to effect service
20 upon defendants.
21    DATED: October 23, 2015

C.W. Hoffman, Jr.
United States Magistrate Judge