# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

FRANCES M. WEEKS-ANDEREGG,

    Plaintiff,

v.

UNITED STATES OF AMERICA, et al.,

    Defendants.

Case No. 2:15-cv-01208-GMN-CWH

**ORDER**

Presently before the Court is Defendant's motion to strike (ECF No. 34), filed on August 16, 2017. Plaintiff filed a response (ECF No. 47) on September 18, 2017, and Defendant filed a reply (ECF No. 49) on September 22, 2017. The Court also considered certain documents which Defendant submitted for *in camera* review. Due to a dispute over Defendant's obligation to meet and confer before filing the motion to strike, the parties also submitted a number of briefs (ECF Nos. 43, 44, 45) which the Court considered.

Also before the Court is Defendant's motion to stay expert disclosure deadline (ECF No. 36), filed on August 18, 2017. Plaintiff filed a response (ECF No. 40), on September 6, 2017. Defendant did not file a reply.

This case arises out of a car accident that occurred on January 24, 2011, involving Plaintiff and an employee of Defendant. Due to Plaintiff's medical history, and involvement in other car accidents, discovery in this case has been extensive. On July 18 and 19, 2017, Plaintiff served three sets of discovery documents on Defendant ("The July Disclosures"). The first set contained Plaintiff's initial designation of retained expert and non-retained experts, and a supplement to her list of witnesses and pre-trial disclosures. The second and third set contained a supplement to the first set, and errata. Subsequent to these disclosures, Defendant brought the present motions.

**I.    Motion to Strike**

Defendant moves to strike the July Disclosures, arguing that Plaintiff did not properly disclose her non-retained medical experts, retained experts, or damages. Plaintiff opposes the

motion, arguing that the July Disclosures complied with Rule 26, and that any failure to properly disclose was harmless and not made in bad faith.

**A.      Experts**

**1.      Non-retained Experts**

Rule 26 of the Federal Rules of Civil Procedure requires parties to disclose the identity of any expert witnesses. The rules further establish two different classes of experts who may provide testimony under Federal Rules of Evidence 702, 703, or 705: (1) those who are retained or specially employed to give expert opinion testimony in a case, and (2) those who are not retained or specially employed but nevertheless may provide expert testimony. Specially retained experts are required to comply with Rule 26(a)(2)(B) report requirements. In recognition of the fact that treating physicians are generally not retained for the purposes of providing expert testimony, they are not subject to the same written report requirement of specially retained experts. *Goodman v. Staples The Office Superstore*, LLC, 644 F.3d 817, 826 (9th Cir. 2011). Instead, parties seeking to rely on an expert who is not specially retained must provide a disclosure which states "the subject matter on which the witness is expected to present evidence" and "a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C).

However, "a treating physician is only exempt from Rule 26(a)(2)(B)'s written report requirement to the extent that his opinions were formed during the course of treatment." *Goodman*, 644 F.3d, at 826. When a party attempts to elicit opinions from a treating physician that go beyond the confines of the treatment rendered, such witnesses fall outside the scope of the "treating physician" exception insofar as their additional opinions are concerned, and they are held to the standard of Rule 26(a)(2)(B). *Id.*

Further, "[w]hen a party fails to make the disclosures required by Rule 26(a), the party is not allowed to use the witness to supply evidence at trial unless it establishes that the failure was substantially justified or is harmless." *Id.* The rationale for such exclusion is made clear in the Advisory Committee Notes to the 1993 amendments to Rule 26, which indicate that the disclosure requirements for expert testimony were intended to allow opposing parties to have a reasonable

opportunity to prepare for effective cross-examination and arrange for expert testimony from other witnesses.

Here, Defendant argues that the July Disclosures offered only non-specific and formulaic description for each of the treating physicians, insufficient to comply with Plaintiff's duties under Rule 26(a)(2)(C). In Plaintiff's response, she articulates the standard that non-retained witness disclosures must meet, but does not cite any language from the July Disclosures that would meet that standard. The disclosures appear to contain only boilerplate language with no specific notification of what the treating physicians will testify about. The Court finds that Plaintiff's disclosure of her treating physicians did not contain a meaningful summary as required by Rule 26(a)(2)(C).

Plaintiff argues in the alternative that the treating physicians will not offer their opinions outside of the scope of their treatment, and so are not expert witnesses. To the extent that the treating physicians will testify as percipient witnesses, the Court agrees that they are not experts, and need not comply with Rule 26(a)(2)(C). Plaintiff's treating physicians may therefore testify as to what they saw and did during the course of treatment, but may not offer expert opinions.

Plaintiff also requests that she be allowed to supplement or correct any disclosure that did not comply with Rule 26(a)(2)(C). However, since the deadline for disclosure of Plaintiff's expert witnesses was July 19, 2017 (ECF No. 33), an extension of that deadline must be supported by a showing of both good cause and excusable neglect. Local Rule 26-4. Plaintiff does not argue that she missed the deadline for expert disclosure due to excusable neglect, so the Court will not extend Plaintiff's expert disclosure deadline.

**2. Retained Experts**

Rule 26 requires that disclosure of expert witnesses must be accompanied by a written report containing:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them; (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years; (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and (vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B).

1    Defendant argues that Plaintiff's disclosure of her expert witness Dr. Gross was inadequate
2 under Rule 26 because the July Disclosures contain multiple reports from Dr. Gross, and that the
3 multiple document sets provided by Plaintiff were confusing, redundant, and unnecessarily large.
4 Defendant further complains that Plaintiff served the disclosures in both electronic and paper format.
5 However, Defendant does not argue that Dr. Gross's reports failed to meet any particular
6 requirement of Rule 26(a)(2)(B). Plaintiff argues that the third expert witness report from Dr. Gross,
7 dated July 16, 2017, is a comprehensive summary of all treatment received, and is therefore adequate
8 under Rule 26. In its reply, Defendant does not address this argument. Instead, Defendant argues
9 that the Court should consider the totality of the July Disclosures, and find that they constitute an
10 unfair burden and unduly increase the cost of litigation.

11    While the Court is sympathetic to Defendant's complaint that the July Disclosures were long
12 and confusing, based on Plaintiff's extensive medical history and the uncontested assertion that Dr.
13 Gross's July 16 report was comprehensive, the Court does not find that Plaintiff's expert disclosures
14 were intentionally longer than necessary, or violated Rule 26. The Court will therefore deny the
15 motion to strike as to Plaintiff's retained expert disclosures.

16 **B.    Damages**

17    Rule 26(a)(1)(A)(iii) requires a party to disclose "a computation of each category of damages
18 claimed by the disclosing party." The plain language of the rule indicates that for disclosure
19 purposes, damages are determined not by actual cost, but by what a party elects to claim. *See*
20 *Sylla–Sawdon v. Uniroyal Goodrich Tire Co.*, 47 F.3d 277, 284 (8th Cir. 1995), *cert. denied*, 516
21 U.S. 822 (1995) (stating that the purpose of Rule 26(a) is to enable parties to prepare for trial, not
22 calculate liability); *Patton v. Wal-Mart Stores, Inc.*, No. 2:12-cv-2142-GMN, 2013 WL 6158461, at
23 *4 (D. Nev. Nov. 20, 2013) ("Actual cost is not Rule 26(a)(1)(A)(iii)'s focus. The plain language of
24 the rule states that 'a party must . . . provide . . . a computation of each category of damages claimed
25 by the disclosing party.") (emphasis omitted); *Montilla v. Wal-Mart Stores, Inc.*, No. 2:13-cv-2348-
26 GMN-VCF, 2015 WL 5458781(D. Nev. Sept. 16, 2015) (same). The rule requires parties to make a
27 reasonable forecast of their damages so the opposing party may "prepare for trial or make an
28 informed decision about settlement." Fed. R. Civ. P. 26(a), Advisory Comm. Notes (1993). The

4

rule further requires that a party must make its initial disclosures based on the information then reasonably available to it, and that a party is not excused from making its disclosure because it has not fully investigated the case. Fed. R. Civ. P. 26(a)(1)(E).

In turn, Rule 26(e)(1)(A) requires litigants to supplement initial disclosures "in a timely manner if the party" making the disclosure learns "that some material respect" of the disclosure changed. Fed. R.Civ.P. 26(e)(1)(A). Rule 26(e) does not create a "loophole" for a party who wishes to revise its initial disclosures to its advantage after the deadline has passed. *Luke v. Family Care and Urgent Med. Clinics,* 323 Fed. Appx. 496, 500 (9th Cir. 2009). Rather, supplementation means "correcting inaccuracies . . . based on information that was not available at the time of the initial disclosure." *Id*. (citing *Keener v. United States*, 181 F.R.D. 639, 640 (D. Mont. 1998) (finding a second disclosure so substantially different from the first that it could not qualify as a correction of an incomplete or inaccurate expert report)).

If a party fails to timely disclose or supplement a computation of damages for each category of damages that is claimed, that party is not allowed to use the information at a hearing or at trial unless the failure to timely disclose the information was substantially justified or harmless. *See* Fed. R. Civ. P. 37(c)(1). The party facing sanctions under Rule 37 bears the burden of showing substantial justification or harmlessness. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp*., 259 F.3d 1101, 1106–07 (9th Cir. 2001). The district court has wide latitude in using its discretion to impose discovery sanctions. *Id*. at 1106.

Courts in the District of Nevada routinely exclude damages claims that are not timely disclosed pursuant to Rule 26. *See, e.g., Montilla v. Wal-Mart Stores, Inc*., 2:13-cv-2348-GMN-VCF, 2015 WL 5458781 (D. Nev. Sept. 16, 2015); *Smith v. Wal-Mart Stores, Inc*., No. 2:13-cv-1597-MMD-VCF, 2014 WL 3548206, at *3 (D. Nev. July 16, 2014); *Patton v. Wal–Mart Stores, Inc*., No. 2:12-cv-2142-GMN-VCF, 2013 WL 6158461 (D. Nev. Nov. 20, 2013); *Rios v. Wal-Mart Stores, Inc.,* No. 2:11-cv-1592-KJD-GWF (D. Nev. Dec. 11, 2013); *Shakespear v. Wal-Mart Stores, Inc.*, No. 2:12-cv-1064-MMD-PAL (D. Nev. July 8, 2013); *Olaya v. Wal-Mart Stores, Inc.,* No. 2:11-cv-0997-KJD-CWH (D. Nev. Aug. 7, 2012); *Baltodano v. Wal-Mart Stores, Inc*., No. 2:10-cv-2062-JCM-RJJ (D. Nev. Aug. 31, 2011).

Here, Defendant argues that the July Disclosures improperly supplemented Plaintiff's initial disclosure of past damages. Plaintiff's initial computation of past damages, made in March, 2016, was for $246,439.97. In the July Disclosures, Plaintiff's computation increased to $410,370.58. This increase stems in part from claims from medical provider Advanced Spine and Rehabilitation, which rose from $66,639.12 in her initial disclosures, to $140,782.24. This was for treatment dates ending in July, 2016. Def.'s Mot., Ex. A, p. 47 (ECF No. 34-2); Def.'s Mot., Ex. D, p. 13 (ECF No. 34-5). The July Disclosures also include previously undisclosed treatment at Smoke Ranch Surgery Center for $48,693.75, for treatment that appears to have occurred in September, 2016. Def.'s Mot., Ex. A (ECF No. 34-3); Def.'s Mot., Ex. G (ECF No. 34-8).

Plaintiff does not contest any of these assertions, but argues that due to Plaintiff's extensive medical history, some delay was inevitable and that her supplements were all made before the expert disclosure deadline and therefore comply with Rule 26. However, the fact that these supplemental damage disclosures were made before the expert disclosure deadline does not by itself mean they comply with Rule 26(e). As noted above, Rule 26(e) allows a party to supplement disclosures, but does not create a loophole to allow parties to revise their initial disclosures to their advantage. "Plaintiff has a duty to supplement, not a right." *Luke,* 323 Fed. Appx. 500. Here, Plaintiff offers no specific reason why any of the $163,930.61 in new claims were not part of the initial disclosures, or why they were not produced until July 2017. Plaintiff does not suggest that any of the records were previously unavailable. Plaintiff does not claim that any providers were unusually unresponsive. Plaintiff does not detail any efforts she made to produce the records as quickly as she could. Given that more than $120,000 of the newly disclosed claims came from just two providers, for treatment that appears to have been completed well before the July Disclosures were produced, it does not appear that Plaintiff attempted to supplement as soon as reasonably possible. The Court therefore finds that the July Disclosures were not proper supplements under Rule 26(e).

Further, the supplements are not harmless. Improper disclosure of damages prevents a party from being able to make an informed decision about settlement or preparation for trial during the discovery period. Since Plaintiff does not provide any particularized reason for her untimely

disclosures, the Court does not find them substantially justified either. The Court will therefore grant the motion to strike the July Disclosures as to Plaintiff's computation of past damages.

## II. Motion to Stay Expert Disclosure Deadline

Defendant moves to stay its expert disclosure deadline, which was August 21, 2017. Defendant argues that the July Disclosures made it impracticable to move forward with its own medical expert to evaluate Plaintiff's claims. Plaintiff opposes the motion, arguing that Defendant's motion to strike the July Disclosures was merely an attempt to receive additional time to prepare and disclose its expert witnesses.

Under Local Rule 26-4, a motion or stipulation to extend any date set by a scheduling order must be supported by a showing of good cause for the extension. A request made within 21 days of the subject deadline must be supported by a showing of good cause. Here, the motion to extend the dates in the scheduling order was filed on August 18, 2017, three days before the subject deadline. Given that the Court will grant the motion to strike in part, the Court finds good cause to extend the deadlines for both Defendant's expert disclosure, and Plaintiff's rebuttal expert disclosure.

## III. Conclusion

IT IS THEREFORE ORDERED that Defendant's motion to strike (ECF No. 34) is GRANTED in part and DENIED in part. Plaintiff's treating physicians are STRICKEN as expert witnesses. Plaintiff's treating physicians may testify as percipient witnesses. Plaintiff's supplemental computation of past damages is STRICKEN. Dr. Gross may testify for Plaintiff as an expert witness.

IT IS FURTHER ORDERED that Defendant's motion to stay expert disclosure deadline (ECF No. 36) is GRANTED. Defendant's expert disclosure deadline is April 16, 2018. Plaintiff's rebuttal expert disclosure deadline is May 15, 2018.

DATED: March 16, 2018

_____
C.W. Hoffman, Jr.
United States Magistrate Judge